IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>          Plaintiff,<br><br>vs.<br><br>JOHN DOE, Unknown Officers of Bellevue Police Department;<br><br>          Defendant. | 8:23CV312<br><br>MEMORANDUM AND ORDER |

Plaintiff Billy Tyler filed a Complaint on July 14, 2023. Filing 1. Plaintiff has been given leave to proceed in forma pauperis. Filing 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues "John Doe, Unknown Officers of Bellevue Police Department" ("Defendants"), and sets forth only the following allegations:

> We seeking $500,000,000.00 for the illegal search and seizeure [sic] perpetrated by Bellevue Police on or about 5-4-23. All sued in their individual capacities as well as in their official capacities. Defendants had no probable cause to stop [and] detain Plaintiff and search Plaintiff['s] 2004 town and country red van.

Filing 1 at 1 (punctuation altered from original).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff captions his Complaint as a "Klu Klux Klan Act of 1871 action," filing 1 at 1, which the Court understands to mean an action under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As explained below, Plaintiff's Complaint fails to state a plausible claim for relief under § 1983 against Defendants.

**A. Official Capacity Claims**

Plaintiff sues Defendants in both their official and individual capacities. Plaintiff should be aware that his official capacity claims against Defendants are, in reality, claims against the City of Bellevue. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

A city may only be liable under § 1983 if a "policy" or "custom" of the city caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of the City of Bellevue. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Thus, Plaintiff fails to allege a claim upon which relief may be granted against Defendants in their official capacities.

Upon the Court's own motion, Plaintiff will be given leave to amend his Complaint to allege a plausible claim for relief against the City of Bellevue.

**B. Individual Capacity Claims**

Plaintiff alleges Defendants lacked probable cause to stop and detain Plaintiff and search his vehicle. Liberally construed, Plaintiff alleges a

4

Fourth Amendment violation arising out of what the Court presumes is a traffic stop.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop is constitutionally reasonable where the police have probable cause to believe that a traffic violation has occurred." *Garcia v. City of New Hope*, 984 F.3d 655, 663 (8th Cir. 2021) (quoting *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017). Explained another way, "any traffic violation, even a minor one, gives an officer probable cause to stop the violator," and therefore, "any ulterior motivation on the officer's part is irrelevant." *Id.*, at 664 (quoting *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time." *Id.* (quoting *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014)).

Though Plaintiff alleges Defendants lacked probable cause for the stop and search, he alleges absolutely no facts to support that conclusory allegation. Indeed, the scant allegations of Plaintiff's Complaint fail to provide any factual context for the alleged unlawful stop and search and, thus, are insufficient to state a plausible claim for relief. As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Additionally, Plaintiff cannot proceed against the unknown, unnamed Defendants because he has not provided sufficient information from which

5

Defendants may be identified. "'[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiff's allegations regarding these unknown, unnamed Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. *See id.* The Complaint "does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery." *Id.*

On its own motion, the Court will give Plaintiff leave to amend his Complaint to allege sufficient facts to state a plausible Fourth Amendment claim and to identify Defendants by name or provide other sufficient information to identify the individual officers he alleges violated his constitutional rights.

## IV. OTHER PENDING MOTIONS

### A. Motion to Compel Discovery

On September 5, 2023, Plaintiff filed a motion asking the Court to compel Defendants to provide Plaintiff "copies of video made by Defendants on or about 5-31-23 when . . . defendant white white [sic] police apprehended Plaintiff at Fort Crook Road in Bellevue, Nebraska." Filing 11. Plaintiff states he served his discovery request on Defendants on or about June 10, 2023, and indicates a copy of his request is "annexed" to his motion, but no documents are attached to the motion. *See* Filing 11.

Because the Court has determined that the Complaint fails to state a claim for relief, this matter may not proceed to service of process and no discovery may take place at this time. *See* NECivR 16.1(c) (no discovery may take place in pro se cases until after defendants have answered and court enters progression order). Additionally, this Court will not facilitate discovery between the parties unless it is called upon to resolve a dispute over which the parties cannot reach an agreement and only if the moving party complies with NECivR 7.1(j), which provides:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

Accordingly, Plaintiff's Motion to Compel is denied without prejudice to reassertion.

**B. Motion for Interlocutory Appeal**

On March 18, 2024, Plaintiff filed what the Court docketed and construes as a Motion for Interlocutory Appeal. Filing 12. Plaintiff seeks to "appeal all of the refusal of Federal Court to proceed to the merits of our Klu Klux Klan of 1871 suit filed July 2023." Filing 12 at 1. Plaintiff does not identify any specific order from which he seeks to appeal but rather objects to

7

the lack of progression in this matter. As Plaintiff does not seek to appeal from any final order entered by this Court, his Motion for Interlocutory Appeal is denied. The Court now has completed an initial review of Plaintiff's Complaint and this matter will progress as set forth below.

### V. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against Defendants and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, on the Court's own motion, Plaintiff will be given 30 days to file an amended complaint that states a plausible Fourth Amendment claim against specifically identified City of Bellevue police officers in their official and/or individual capacities. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleading.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended

complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2.  In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4.  Plaintiff's Motion to Compel Discovery, Filing 11, is denied without prejudice to reassertion.

5.  Plaintiff's Motion for Interlocutory Appeal, Filing 12, is denied.

6.  The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 12, 2024**: amended complaint due.

Dated this 13th day of May, 2024.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
Senior United States District Judge

9